UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANNIE A. WYNN and TAMMY JACKSON,
And JASON FOUNTAIN                                    Civil Action No.: 10 Civ. 8961 (AKH)

                Plaintiff(s),
   -against-                                                      **FIRST AMENDED COMPLAINT**
                                               **CLASS ACTION COMPLAINT**
EOS CCA,
                Defendant(s).                    **DEMAND FOR JURY TRIAL**
------------------------------------------------------------------X

Plaintiffs ANNIE A. WYNN, TAMMY JACKSON, and JASON FOUNTAIN ("Plaintiffs"), by and through their attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant EOS CCA hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiffs are residents in the State of New York, at 1453 Amsterdam Ave., Apt. 4A, N.Y.N.Y. 10027 and 3170 Broadway, New York, NY 10027.

3. Defendant is a company with a business presence in New York with their regional office at 300 Canal View Blvd., Suite 130, Rochester, N.Y. 14623-2811.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

### JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15

USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c)

Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing

and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

22. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiffs by calling the phone of the Plaintiff, Annie A. Wynn's friend, and Plaintiff, Jason Fountain's Tammy Jackson and leaving a prerecorded computerized message.

23. The Defendant's first message was as follows: "Hello, this is Carrie Smith and this is an important call. I am attempting to locate Annie A Wynn. If you can assist me in providing location information for Annie A Wynn please call us back at 877.528.3499. Again this is Carrie Smith and our phone number is 877.528.3499."

24. The Defendant's second message was as follows: "Hello, this is Carrie Smith and this is an important call. I am attempting to locate Jason Fountain. If you can assist me in providing location information for Jason Fountain please call us back at 877.229.2313. Again this is Carrie Smith and our phone number is 877.229. 2313."

24. The Defendants message violated 15 USC §1692b(1), which requires that a debt collector communicating with any person other than the consumer for the purpose of acquiring

location information about the consumer shall (1) identify himself and state that he is confirming or correcting location information concerning the consumer.

25. The Defendant's message did not identify themselves adequately as Carrie Smith is a non existent entity and the message was from a computer.

26. The Defendant's message did not state that they were confirming or denying location information concerning the consumer.

27. The wording of section 15 USC §1692c(b) is unambiguous and clear: "identify himself and state…" This is supported by Cinalli, FTC Informal Staff letter (Feb. 17th, 1978) and further supported by Charest, FTC Informal Staff Letter (Sept. 13, 1996) asking for a consumer to call an 800 number about an important matter violated 15 USC §1692c(b) when the purpose was to confirm or correct location information: the consumers home telephone number.

28. The Defendant's message using the words "I am attempting to locate Annie A Wynn. If you can assist me in providing location information please call us back…" and "I am attempting to locate Jason Fountain. If you can assist me in providing location information please call us back…" is clearly not authorized by 15 USC §1692b and therefore the Plaintiff and the Class's rights have been violated.

29. The Defendant further violated 15 USC §1692e – preface and e(10) by using a deceptive and misleading representation and means in connection with the collection of a debt by using an illegal prerecorded computerized message.

30. The Defendant further violated 15 USC §1692e(11) by leaving a message that failed to include the required disclosures identifying themselves as a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose, as the Plaintiff also received messages left on that phone.

31. The Defendant further violated 47 USC §227(b) (B) which prohibits using an artificial or prerecorded voice to deliver a message without prior express consent of the called party. The called party being defined as the person who owns the phone and receives the call and not the person addressed in the message.

32. Therefore the Defendant by using a computerized and prerecorded voice or artificial voice in the messages left for Plaintiff Tammy Jackson violated 47 USC §227(b) (B).

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692b(1), 15 USC §1692e preface and e(10), and 15 USC §1692e(11).

35. As a result of Defendant's violations of the FDCPA, the Plaintiffs and the class have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
*(Violations of the TCPA)*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff Tammy Jackson violated various provisions of the TCPA, including but not limited to 47 USC §227(b) (B).

38. As a result of Defendant's violations of the TCPA, the Plaintiff Tammy Jackson has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

34. Plaintiffs ANNIE A WYNN, TAMMY JACKSON, JASON FOUNTAIN AND THE CLASS hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ANNIE A WAYNN, TAMMY JACKSON, JASON FOUNTAIN AND THE CLASS therefore demand judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         June 4, 2011

Respectfully submitted,

By:   /s/ Kristie E. Ortiz
KRISTIE E. ORTIZ, ESQ.
81-05 133rd Ave
Ozone Park, NY 11417
P. 631-796-4898
F. 866-208-0030
E. Kristieeortiz@yahoo.com

*Attorney for the Plaintiffs*

To:    EOS CCA
300 Canal View Blvd. Suite 130
Rochester, N.Y. 14523

*(Via Prescribed Service)*

Clerk,
United States District Court, Southern of New York
*(For Filing Purposes)*

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2011, a true and correct copy of the foregoing AMENDED COMPLAINT was served upon the Defendant's counsel by placing same in the United States First Class Mail, Certified Mail, return receipt requested, and addressed as follows:

Jeffrey J. Imeri (JI 3938)
140 Broadway, 19th Floor
New York, New York 10005

Attorney for the Defendant

                                                    _____
Kristie E. Ortiz, Esq. (KO1551)
81-05 133rd Ave
Ozone Park, NY 11417
631-796-4898
866-208-0030 (fax)

*Attorney for Plaintiff*